UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                            Plaintiff,<br><br>     v.<br><br>WINTER MUSIC CONFERENCE, et al.,<br><br>                            Defendants. | Case No. 2:15-cv-00164-RCJ-PAL<br><br>ORDER AND REPORT OF FINDINGS AND RECOMMENDATION<br><br>(Mtn in Limine – Dkt. #31) |

      This matter is before the court on Plaintiff Ronald Satish Emrit's Response (Dkt. #30) to the court's Order to Show Cause (Dkt. #29). Emrit also filed a Motion in Limine (Dkt. #31) requesting to have an attached document "entered into evidence." This matter was referred to the undersigned for findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3. The court has considered the Response.

      On March 10, 2015, the court entered an Order directing Emrit to show cause in writing for failing to perfect service of process as required by District Judge Beth Bloom's Orders (Dkt. ##12, 19, 25) entered in the Southern District of Florida before this case was transferred to this district. In the first two Orders entered by Judge Bloom, Emrit was directed to perfect service on Defendant Winter Music Conference or show cause why this action should not be dismissed. In the third Order, after Defendant Sonicbids, Inc., was added to the case, Judge Bloom directed Emrit to perfect service on Defendants or show cause why this action should not be dismissed. All of Judge Bloom's Orders warned Emrit that failure to file proof of service or show good cause would result in dismissal without prejudice and without further notice. Emrit did not comply with any of Judge Bloom's Orders.

/ / /

1       This court's March 10, 2015, Order to Show Cause directed Emrit to show cause why this case should not be dismissed for his failure to perfect service on Defendants and multiple failures to comply with Judge Bloom's Orders.  Emrit's Response indicates that he is not a "vexatious filer" or an "eggshell plaintiff."  He did not comply with Judge Bloom's Orders because he is indigent, disabled, and unemployed, and he cannot afford to serve the Defendants. He requests permission for the U.S. Marshal's Service ("USMS") to serve the complaint.

          The USMS is required to serve process where a plaintiff is proceeding in forma pauperis.  Plaintiff was denied leave to proceed in forma pauperis on October 30, 2014.  In addition, Judge Bloom already denied Plaintiff's Motion for the USMS to Serve the Complaint (Dkt. #16) in an Order (Dkt. #18) entered January 6, 2015, and also denied Emrit's Motion to Serve by Publication (Dkt. #23) in an Order (Dkt. #25) entered January 28, 2015.  Plaintiff's request is therefore denied as duplicative.

      Making repeated requests for relief that was already denied is an abusive litigation tactic that taxes the resources of the court.  Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous.  *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.,* 981 F.2d 429, 439 (9th Cir. 1992, *cert. denied*, 508 U.S. 908 (1993) (citing *Townsend v. Holman Consulting Corp.,* 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)).  In *Nugget,* the Ninth Circuit upheld the trial court's imposition of Rule 11 sanctions because a party's second motion to compel largely duplicated the first.

      In addition, Emrit's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because Emrit has wilfully refused to comply with multiple court Orders and failed to prosecute this case.

/ / /

/ / /

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion in Limine is DENIED AS PREMATURE.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to perfect service of process, failure to prosecute, and failure to comply with multiple Orders of this court.

Dated this 7th day of April, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.